UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| 24/7 REPAIR SERVICES INC., and DONALD HUTCHINSON, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) No. 2:12 CV 13 ) |
| ZURICH AMERICAN INSURANCE COMPANY, and PROGRESSIVE DIRECT INSURANCE COMPANY, | ) ) ) ) |
| Defendants. | ) |

## OPINION and ORDER

On December 9, 2011, plaintiffs filed a complaint against defendants in Lake County Superior Court alleging breach of contract and breach of the duty of good faith, in connection with defendants' alleged failure to pay plaintiffs pursuant to the terms of an insurance contract. (DE # 1.) Defendants removed the case to this court pursuant to 28 U.S.C. § 1332(a), which grants federal district courts original jurisdiction over civil actions between citizens of different states where the amount in controversy exceeds $75,000. Plaintiffs have moved to remand the case back to state court, challenging the propriety of this court's jurisdiction. (DE # 18.) Specifically, plaintiffs argue that the amount in controversy falls far below the $75,000 threshold.

In *Oshana v. Coca–Cola, Co.,* the Seventh Circuit Court of Appeals explained the standard for meeting the amount in controversy requirement in cases removed to federal court. 472 F.3d 506 (7th Cir. 2006). "[T]he amount in controversy is the amount required to satisfy the plaintiff's demands in full on the day the suit begins, or in the event of removal,

on the day the suit was removed." *Id.* at 510. In general, the proponent of jurisdiction has the burden of showing by a preponderance of the evidence facts that suggest the amount in-controversy requirement is met. *Id.* Obviously, that is easier said than done when the plaintiff does not want to be in federal court and provides little information about the value of its claims. *Id.* In such a case, "a [defendant's] good-faith estimate of the stakes is acceptable if it is plausible and supported by a preponderance of the evidence." *Id.* "[O]nce the defendant in a removal case has established the requisite amount in controversy, the plaintiff can defeat jurisdiction only if it appears to a legal certainty that the claim is really for less than the jurisdictional amount." *Id.* at 510–11. Ultimately, the question is whether it is legally impossible for the plaintiff to recover greater than the jurisdictional amount. *LM Ins. Corp. v. Spaulding Enter. Inc.,* 533 F.3d 542, 553 (7th Cir. 2008).

Defendants claim that because the insurance policy at issue exposes defendants to a total of $80,000 in potential liability, plaintiffs' claim is clearly worth more than $75,000. The court disagrees. When the validity of an entire insurance policy is at issue, the amount in controversy is indeed the face value of the policy. *Hawkins v. Aid Ass'n for Lutherans,* 338 F.3d 801, 805 (7th Cir. 2003). However, in disputes regarding the applicability of an insurance policy to a particular occurrence, the amount in controversy is the value of the underlying claim, not the face value of the policy. *Motorists Mut. Ins. Co. v. Simpson,* 404 F.2d 511, 515 (7th Cir. 1968). Because the parties in this case do not dispute that the insurance policy is a valid contract, only whether defendants must pay given the

particular facts of this case, the court cannot rely on the $80,000 face value of the policy. Instead, the court must estimate the value of the underlying claim.

Plaintiffs estimate that the amount of compensatory damages they can recover in this case is approximately $47,040.56. (DE # 19-1 at ¶ 6, Aff. of Hutchinson.) Defendants do not dispute this calculation. It is very difficult, based on the record, to determine whether this figure is correct or not, but since the parties appear to agree on it, the court will accept it for purposes of this opinion. Assuming plaintiffs are entitled to $47,040 in compensatory damages, their claim is still $27,961 short of the amount in controversy threshold.

Defendants claim that if plaintiffs are successful on Count II of their complaint, which alleges that defendants breached a duty to maintain good faith, then defendants could be exposed to punitive damages. Punitive damages can satisfy the minimum amount in controversy required for diversity jurisdiction if they are recoverable under state law. *LM,* 333 F.3d at 551. Under Indiana law, punitive damages may be recoverable based on an insurer's breach of the duty of good faith and fair dealing, as has been alleged here, when the defendant acted with malice, fraud, gross negligence, or oppressiveness. *Erie Ins. Co. v. Hickman,* 622 N.E.2d 515, 520 (Ind. 1993). In this case, plaintiffs' complaint alleges that defendants failed to act in good faith in effectuating the terms of the policy and in handling a fire loss claim. (Compl. ¶¶ 15-21.) It further alleges that defendants engaged in a pattern of behavior designed to intentionally and unreasonably delay and prevent processing and payment of the claim, and that defendants even *lied* about pertinent facts and provisions of the insurance contract in order to avoid its obligations

under the contract. (*Id.* ¶¶ 10, 18-19.) These allegations go beyond the tort of breach of good faith and fair dealing, and venture into the territory of malice, fraud, gross negligence, and oppressiveness. *Erie,* 622 N.E.2d at 520. Accordingly, punitive damages could be recovered under Indiana law in this case.

Plaintiffs' motion suggests that because they did not request punitive damages in their complaint, punitive damages are unavailable to them and should not be considered when determining the amount in controversy. However, plaintiffs cites no precedent for this theory, and the court could locate none on its own. There is no federal rule of law requiring plaintiffs to specifically request punitive damages in their complaint in order to recover such damages. On the contrary, numerous courts have held that a plaintiff may recover punitive damages, even where it fails to specifically request the damages, if sufficient facts supporting such an award are alleged in the complaint. *See, e.g., United States v. Autumn Ridge Condominium Ass'n, Inc.,* 265 F.R.D. 323, 326 (N.D. Ind. 2009); *Newell v. Wisconsin Teamsters Joint Council,* No. 39, No. 05-C-552, 2007 WL 2874938, at *4 (E.D. Wis. Sept. 28, 2007).

The real question is whether or not it is "legally impossible" for plaintiffs to recover $27,961 in punitive damages against defendants. *LM,* 533 F.3d at 553. In this case, the court finds that it is not legally impossible. Such an award would not violate the Indiana statute applicable to punitive damages awards, which caps the amount of punitive damages to the greater of either $50,000 or three times the awarded amount of compensatory damages. IND. CODE § 34-51-3-4. Further, the ratio of punitive damages to compensatory

4

damages would be approximately 0.6-to-1, even lower than 1-to-1; such a ratio would not offend the due process sensibilities of the Supreme Court, which has frowned upon ratios exceeding 4-to-1. *State Farm Mut. Auto. Ins. Co. v. Campbell,* 538 U.S. 408, 425 (2003) (noting that "few awards exceeding a single-digit ratio [e.g., 9-to-1] between punitive and compensatory damages, to a significant degree, will satisfy due process," and that a 4-to-1 ratio "might be close to the line of constitutional impropriety"); *see also Anthony v. Sec. Pac. Fin. Servs., Inc.,* 75 F.3d 311, 315 (7th Cir. 1996) (rejecting punitive damages award more than 17 times the amount of actual damages). Finally, a $27,961 punitive damages award would constitute approximately 37 % of the jurisdictional amount required in this case, not nearly enough to be considered the "bulk" of the jurisdictional amount, which might render the award excessive as a matter of law. *Anthony,* 75 F.3d at 315.

In short, a punitive damages award of $27,961 in this case is not a legal impossibility. Such a potential award, when combined with plaintiffs' undisputed proposed compensatory damages of approximately $47,040, satisfies the jurisdictional amount in controversy requirement. Accordingly, federal jurisdiction in this case is appropriate under 28 U.S.C. § 1332(a).

For the foregoing reasons, plaintiffs' motion to remand is **DENIED.** (DE # 18.)

**SO ORDERED.**

Date: February 1, 2013

     s/ James T. Moody  
JUDGE JAMES T. MOODY  
UNITED STATES DISTRICT COURT